

SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: July 8, 2014

The Order of the Court is set forth below. The docket reflects the date entered.

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                               CHAPTER 9

NATCHEZ REGIONAL MEDICAL CENTER          CASE NO. 14-01048-NPO

**ORDER APPROVING MOTION TO (A) ESTABLISH BAR DATES;
(B) APPROVE PROOF OF CLAIM PROCEDURES; (C) APPROVE FORM
AND MANNER OF NOTICE; AND, (D) GRANTING OTHER RELATED RELIEF**

**THIS MATTER** came on for the Court's consideration the *Motion of the Debtor for Order (A) Establishing Bar Dates; (B) Approving Proof of Claim Procedures; (C) Approving Form and Manner of Notice; and, (D) Granting Other Related Relief* [Dkt. No. 205] (the **"Motion"**), filed on behalf of Natchez Regional Medical Center. After Notice, arguments of counsel and no objections having been filed, the Court does hereby find as follows:

1.     That the Court has jurisdiction over this proceeding and the parties herein.

2.     This is a core proceeding pursuant to 28 U.S.C. §157(b).

3.     Notice of the Motion and the hearing was sufficient under the circumstances.

4.     The form and manner of service of the Notice of the Proofs of Claim Bar Dates (the **"Notice"**) as attached, satisfies the requirement of Rules 2002 and 3002 of the Federal Rules of Bankruptcy Procedures.

5.     That the Notice of the Proofs of Claim Bar Dates shall be published in *The*

*Clarion-Ledger, The Natchez Democrat* and *The Bond Buyer*, as attached, with such publication to occur at least fifteen (15) days from entry of this Order.

6. That counsel for the Debtor shall serve the Notice of the Proofs of Claim Bar Dates, as attached, to all parties as listed on the Official Mailing Matrix within five (5) business days from the entry of this Order.

**IT IS HEREBY ORDERED** that the form of the Notice of Entry of Order for Relief and Bar Dates for Filing Proofs of Claim attached as Exhibit "A", is hereby approved.

##END OF ORDER##

SUBMITTED BY:

_____
EILEEN N. SHAFFER, MSB #1687
Attorney for Natchez Regional Medical Center
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph: (601) 969-3006
Email: enslaw@bellsouth.net

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| NATCHEZ REGIONAL ) | CASE NO. 14-01048-NPO |
| MEDICAL CENTER ) | Chapter 9 |
|    Debtor ) | |
| ) | |
| _____) | |

## NOTICE OF (A) ENTRY OF ORDER FOR RELIEF
## AND (B) BAR DATES FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS AND OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:

On March 26, 2014 (the "*Petition Date*"), Natchez Regional Medical Center, the debtor in the above-referenced case (the "*Debtor*"), filed a voluntary petition for relief under chapter 9 of Title 11 of the United States Code (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Southern District of Mississippi (the "*Court*") thereby commencing bankruptcy case number 14-01048-NPO (the "*Bankruptcy Case*"). No Objections were filed to the Motion for Approval of the *Order (A) Approving Form and Publication of Notice Required by 11 U.S.C. §923; and (B) Establishing a Deadline for Objections to Eligibility* [Dkt. #113], thereby confirming the Debtor's eligibility to seek relief under the Bankruptcy Code.

On _____, 2014, the Court entered that certain *Order Granting Motion of the Debtor for Order (a) Establishing Bar Dates; (b) Approving Proof of Claim Procedures; (c) Approving Form and Manner of Notice; and, (d) Granting Other Related Relief* (the "*Bar Date Order*") [Dkt. # ] establishing **October 10, 2014, at 5:00 p.m.**, C.S.T., as the deadline for creditors to file proofs of claim against the Debtor (the "*General Bar Date*"). The General Bar Date applies to all *Claims* (as hereinafter defined) that arose prior to the Petition Date, except those of *Governmental Units* (as hereinafter defined) and *Excluded Claims* (as hereinafter defined). All Entities, other than Governmental Units, that have or assert Claims that arose prior to the Petition Date and that are not Excluded Claims must file completed and executed proofs of claim confirming substantially to Official Bankruptcy Form No. 10 (the "*Official Proof of Claim Form*") with the clerk of the Court (as hereinafter defined), at the address set forth below, so that their proofs of claim are actually received by the clerk of the Court no later than 5:00 p.m., C.S.T., on the General Bar Date. If you are receiving this *Notice of (a) Entry of Order for Relief and (b) Bar Dates for Filing Proofs of Claim* (the "Notice") by mail, you will find enclosed a proof of claim form that conforms substantially to the Official Proof of Claim Form and instructions for completing the form. You may also access a copy of the Official Proof of Claim Form at http://www.uscourts.gov/FormsAndFees.

1



In addition to the General Bar Date, the Bar Date Order also establishes certain other *Bar Dates* (each as hereinafter defined), specifically a Governmental Unit Bar Date, a Rejection Damages Bar Date, and an Amended Claims Bar Date. These Bar Dates are more fully described below:

## KEY DEFINITIONS

As used in this Notice, the term *"Claim"* shall mean, in accordance with Section 101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such performance gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term *"Clerk of Court"* means Danny L. Miller, 501 East Court Street, Suite 2,300, Jackson, Mississippi 39201,

As used in this Notice, the term *"Entity"* has the meaning given to it in Section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships or corporations),estates, trusts, and Governmental Units.

As used in this Notice, the term *"Governmental Unit"* has the meaning given to it in Section 101(27) of the Bankruptcy Code, and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term *"Schedules"* shall mean the list of creditors filed by the Debtor in the Bankruptcy Case on March 26, 2014 [Dkt. No. 3] pursuant to Section 924 of the Bankruptcy Code, as such list has been and may be amended from time to time.

As used in this Notice, the terms *"Bar Dates"*, *"Governmental Unit Bar Date"*, *"Rejection Damages Claim"*, and *"Excluded Claims"* have the meanings set forth below.

## ORDER FOR RELIEF

Pursuant to Section 923 of the Bankruptcy Code and Rule 2002 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby gives notice of the Court's entry, on April 16, 2013, of the Order for Relief in the Bankruptcy Case [Dkt. No. 113].

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in the Bankruptcy Case (collectively, the *"Bar Dates"*):

(a) **The General Bar Date.** The Bar Date Order establishes **October 10, 2014** at **5:00 p.m.**, C.S.T., as the **General Bar Date**, i.e., the deadline for creditors to file Proofs of Claim against the Debtor. The General Bar Date applies to all Claims that arose prior to the Petition Date, except those of Governmental Units and except Excluded Claims. All Entities, other than Governmental Units, that have or assert Claims that arose prior to the Petition Date and that are not Excluded Claims must file completed and executed Proofs of Claim confirming substantially to the Official Proof of Claim Form with the Clerk of Court at the address set forth below, so that their Proofs of Claim are received by the Clerk of Court no later than 5:00 p.m. C.S.T. on the General Bar Date.

(b) **The Governmental Unit Bar Date.** In accordance with Section 502(b)(9) of the Bankruptcy Code, all Governmental Units that have or assert Claims against the Debtor that arose prior to the Petition Date (whether secured, priority, or unsecured), and that are not Excluded claims, are required to file Proofs of Claim with the Clerk of Court at the address set forth below so that their Proof of Claim are received by the Clerk of Court no later than **November 28, 2014**, at **5:00 p.m.**, C.S.T. (the "*Governmental Unit Bar Date*"). The Governmental Unit Bar Date applies to all Claims of Governmental Units which arose prior to the Petition Date, including, without limitation, Claims against the Debtor for unpaid taxes, whether such Claims arise from pre-petition tax years or periods or pre-petition transactions to which the Debtor was a party.

(c) **The Rejection Damages Bar Date.** The Debtor anticipates that certain Entities may assert claims in connection with the Debtor's rejection of executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code. Any Entity that has or asserts a Claim against the Debtor arising from the rejection of an executory contract or unexpired lease (a "*Rejection Damages Claim*") approved by an Order of the Court entered prior to confirmation of a Chapter 9 Plan of Adjustment of debts in the Bankruptcy Case (a "*Rejection Order*") must file a Proof of Claim for the Rejection Damages Claim with the Clerk of Court at the address set forth below so that the Entity's Proof of Claim is received by the Clerk of Court on or before the later of: (i) the first business day that is thirty (30) calendar days after the entry of any order authorizing the rejection of an executory contract or unexpired lease and (ii) either (A) the General Bar Date or (B) if such Entity is a Governmental Unit, the Governmental Unit Bar Date. The later of these dates is referred to in this notice as the "*Rejection Damages Bar Date*".

3

(d) **The Amended Claims Bar Date.** If, subsequent to the mailing and publication of this Notice, the Debtor amends its Schedules pursuant to Section 924 of the Bankruptcy Code to reduce the undisputed, non-contingent and liquidated amount or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the later of (i) either (a) the General Bar Date, or (b) if such claimant is a governmental unit, the Governmental Unit Bar Date, or (ii) thirty (30) days after the date that said claimant is served with notice of the amendment to the Schedules altering the amount, nature or classification of such claimant's Claim, to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such listed Claim.

## *Entities That Must File Proofs of Claim by the General Bar Date or the Governmental Unit Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Damages Bar Date and the Amended Claims Bar Date, and except as set forth below with respect to holders of Excluded Claims, the following Entities must file Proofs of Claim on or before the General Bar Date or, with respect to the Claims of Governmental Units, on or before the Governmental Unit Bar Date:

a) any person or entity whose Claim is listed as disputed, contingent, or unliquidated in the Schedules and that desires to participate in the Bankruptcy Case or share in any distribution in this case;

b) any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

c) any person or entity whose Claim against the Debtor is not listed in the Schedules.

## *Entities Not Required to File Proofs of Claim by the General Bar Date or the Governmental Unit Bar Date*

Subject to the foregoing, Entities holding or wishing to assert Claims against the Debtor of the types set forth in clauses (a) through (d) below (collectively, the "*Excluded Claims*") ARE NOT REQUIRED to file Proofs of Claim by the General Bar Date or the Governmental Unit Bar Date

4

a) Claims previously allowed or paid pursuant to an order of the Court or by the Debtor in accordance with Section 904 of the Bankruptcy Code, including Claims paid after the Petition Date to employees, to trade vendors that have continued to provide goods and services to the Debtor in the ordinary course of business, and to other service providers;

b) Claims on account of which a Proof of Claim has already been properly filed with the Clerk of the Court utilizing a claim form which substantially conforms to the Official Proof of Claim Form Number 10;

c) Claims listed in the Schedules or any amendments thereto that are not therein listed as contingent, unliquidated or disputed and that are not disputed by the holders thereof as to (i) amount or (ii) classification.

d) Claims held by any current employee of the Debtor for unpaid wages, salaries, commissions, severance, earned vacation, sick leave pay, contributions to employee benefits plans, or other benefits.

## CONSEQUENCES OF FAILURE TO FILE PROOFS OF CLAIM

Any Entity that is required to file a Proof of Claim with respect to a particular Claim against the Debtor, but fails to do so by the applicable Bar Dates described in this Notice, shall be forever barred, estopped and enjoined from the following:

- asserting such Claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor, its successors, and its property shall be forever discharged from any and all indebtedness or liability with respect to such Claim;

- voting to accept or reject any Chapter 9 Plan of Adjustment filed in this case;

- participating in any distribution in this case on account of such Claim; and

- receiving further notices with respect to the Bankruptcy Case.

## RESERVATION OF RIGHTS

The Debtor reserves the right to (a) dispute or object to, or assert counterclaims, offsets, recoupments, or defenses against any filed Claim or any Claim listed or reflected in the Schedules on any grounds, including with respect to such Claim's nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that if the Debtor amends its List of Creditors to reduce the

5

undisputed, non-contingent and liquidated amount or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the later of (i) either (a) the General Bar Date, or (b) if such Claimant is a governmental unit, the Governmental Unit Bar Date, or (ii) thirty (30) days after the date that said Claimant is served with notice of the amendment to the Schedules altering the amount, nature or classification of such Claimant's Claim, to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such listed Claim. Notwithstanding the foregoing, nothing set forth herein precludes the Debtor from objecting to any Claim, whether listed in the Schedules or filed as a Proof of Claim, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

A signed original of an Entity's completed Proof of Claim, together with any accompanying documentation, must be delivered to Clerk of the Bankruptcy Court at one of the following address:

IF FILED BY MAIL:

Danny L. Miller
Clerk, United States Bankruptcy Court
Post Office Drawer 2448
Jackson, Mississippi 39225-2448

HAND DELIVERY OR OVERNIGHT COURIER:

Danny L. Miller
Clerk, United States Bankruptcy Court
501 East Court Street, Suite 2.300
Jackson, Mississippi 39201

so as to be received by no later than 5:00 p.m., C.S.T., on the applicable Bar Date. Proofs of Claim may be submitted by overnight courier, hand delivery or mail addressed to Danny L. Miller, Clerk, United States Bankruptcy Court at the applicable foregoing address. **Any Proof of Claim submitted by facsimile or e-mail will NOT be accepted and will NOT be deemed filed until the Proof of Claim is submitted by one of the methods described in the foregoing sentence.** A Proof of Claim shall be deemed filed when a signed original of the applicable form is actually received by the Clerk of the Court. If you wish to receive acknowledgement of the Clerk of the Court's receipt of your filing, then you must also submit to the Clerk of the Court by the applicable Bar Date and concurrently with submitting your original form (a) copy of the completed original form and (b) a self-addressed, stamped return envelope.

All Proofs of Claim must: (i) set forth with specificity the legal and factual basis for the alleged Claim; (ii) include supporting documentation or an explanation as to why such documentation is not available; and (iii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a Proof of Claim, you may contact Debtor's counsel at 601-969-3006.

---

EILEEN N. SHAFFER
Its Attorney

EILEEN N. SHAFFER, MSB #1687
401 East Capitol Street, Suite 316
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph: (601) 969-3006; Fax: (601) 949-4002
Email: enslaw@bellsouth.net

J. WALTER BROWN, JR., MSB #4613
Post Office Box 963
Natchez, Mississippi 39121
Ph: (601) 442-4242
Email: enslaw@bellsouth.net

7