UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          CASE NO. 14-01048-NPO

NATCHEZ REGIONAL MEDICAL CENTER,                CHAPTER 9

DEBTOR.

**OPPOSITION TO MOTION FOR ENTRY OF ORDER APPROVING:**
**(A) BIDDING PROCEDURES IN CONNECTION WITH SALE OF ASSETS OF**
**THE DEBTOR; (B) APPROVING FORM AND MANNER OF NOTICE; AND,**
**(C) GRANTING RELATED RELIEF [P-209]**

NOW INTO COURT, through undersigned counsel, comes the Official Unsecured Creditors Committee (the "Committee") of Natchez Regional Medical Center (the "Debtor"), who file this objection to the new bidding procedures filed by the Debtor in connection with its *Motion for Entry of Order Approving (a) Bidding Procedures in Connection with Sale of Assets of the Debtor; (b) Approving Form and Manner of Notice; and (c) Granting Related Relief* [P-209] ("Motion").

1.      On June 5, 2014, the Debtor filed the Motion with this Court.  The hearing on the Motion was set for July 3, 2014.  A copy of the bidding procedures is attached as Exhibit 1.

2.      On June 27, 2014, the Committee filed an objection to the Motion.

3.      On July 2, 2014, the Debtor and the Committee filed a joint motion to continue the July 3, 2014 hearing on the Motion.  The idea behind the requested continuance was to allow the parties time to negotiate and narrow the issues with respect to the bid procedures proposed in the Motion.

4.      Between July 2 and July 10, 2014, the Debtor and the Committee attempted to negotiate a consensual bid procedure.  The parties traded suggested forms, however, the Debtor

and the Committee were unable to reach a consensus.  In fact, the Debtor appears to have substantially changed its original approach to this transaction by no longer requiring that the sale and disbursement of funds be subject to confirmation of a plan of adjustment.  As the Court noted at the July 3 hearing, there is no authority for a Section 363 sale in Chapter 9.  For this sale to be conducted under the Bankruptcy Code, it must be subject to confirmation of a supporting plan of adjustment.

5.      Pursuant to the Court's Order, the Debtor has filed bid procedures that the Committee does not support.  See Exhibit 2.[1]  The Committee objections are set forth as follows:

A.      The Debtor should not have sole and absolute discretion to disqualify potential bidders.  The Committee suggests that disqualified bidders should have recourse to this Court to determine if they are, in fact, qualified bidders.  The bid procedures changes to allow judicial review of the Sellers determination that a potential qualified bidder is not qualified:

1)      in paragraph 4, delete "satisfaction on their sole and absolute discretion."

2)      on page 2, after "not so certified," insert "A potential qualified bidder who is deemed by the Seller to not meet the qualifications set forth herein, may petition the Court to determine whether such "potential qualified bidder" is, in fact, a qualified bidder."

B.      The bid procedures contain instructions, statements and conditions that are the sole province of the Plan of Arrangement, and this should be deleted.  The following should be deleted from the bid procedures:

1)      paragraph 5(b)(i) and (ii); and

2)      paragraph 5(c), everything after the word Plan.

---

[1] The procedures go way beyond spelling out a logical process to conduct an orderly sale and to determine the best bidder.  They also address the application of money and pre-ordain results that belong in the Debtor's soon to be proposed plan.

2

C.    A Topping Bid should be allowed to alter the Sales Agreement.  For example, a bidder should be allowed, by way of example, to alter (a) the schedule of contracts and leases to be assumed, and (b) the size and duration of any escrow.  To implement this suggestion, the following changes should be made to the bid procedures:

1)    in paragraph 6(b), after "bid to purchase" delete "all of the", and after "order" in the same sentence, delete "the same."

2)    After "Acceptable Topping Bid" add the following sentence, "By way of example, an Acceptable Topping Bid may alter the Purchase Agreement to reflect a change in the contract or leases to be assumed and assigned, and the amount, duration or purpose of any proposed escrow."

6.    The Committee has attached as Exhibit 3, a suggested form of bid procedures.

**WHEREFORE**, the Official Unsecured Creditors Committee requests that the Court modify the bidding procedures to address the issues and concerns set forth above.

Dated:  July 11, 2014

Respectfully submitted by,

DAVID A. WHEELER, (MSB 7126)
WHEELER & WHEELER, PLLC
185 Main Street
Biloxi, Mississippi  39530
Telephone: (228) 374-6720 // Fax: (228) 374-6721
Local Counsel for the Official Unsecured
 Creditors' Committee

and

/s/Douglas S. Draper
DOUGLAS S. DRAPER (La. Bar No. 5073)
H. SLAYTON DABNEY, JR.
HELLER DRAPER PATRICK HORN & DABNEY, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130
Telephone: 504 299-3333/Fax: 504 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: sdabney@hellerdraper.com
Counsel to the Official Unsecured
 Creditors' Committee

3

## CERIFICATE OF SERVICE

    I, Douglas S. Draper, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

- Jay Robert Bender jbender@babc.com
- Greta Manning Brouphy gbrouphy@hellerdraper.com
- John Walter Brown, Jr. wlawfirm@bellsouth.net
- Damon G. Carpenter dgc@wisecarter.com, damon.carpenter@gmail.com
- Rayford G Chambers rchambers@cglawpartners.com, rays_06@msn.com
- Philip J Chapman pchapman@mitchellday.com
- Robert N. H. Christmas rchristmas@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Leslie A. Collins lcollins@hellerdraper.com
- Douglas Scott Draper ddraper@hellerdraper.com, kfritscher@hellerdraper.com;lwright@hellerdraper.com
- Craig M. Geno cmgeno@cmgenolaw.com, bpritchard@cmgenolaw.com;htrammell@cmgenolaw.com;jnichols@cmgenolaw.com;kcarter@cmgenolaw.com;jshaw@cmgenolaw.com
- Laura McKinley Glaze laura.glaze@phelps.com, colleen.wheeler@phelps.com
- Joel W. Howell jwh3@mindspring.com
- Kristina M. Johnson kjohnson@joneswalker.com, kbrabston@joneswalker.com
- Bruce M Kuehnle kuehnle@bellsouth.net, shannon_kuehnle@bellsouth.net
- L. Jackson Lazarus jacklaz@cableone.net, diannaroberts@cableone.net;jacklazarus45@gmail.com;diannacollier@gmail.com;minorntz@gmail.com
- Christopher R. Maddux chris.maddux@butlersnow.com, vj.money@butlersnow.com;velvet.johnson@butlersnow.com;ecf.notices@butlersnow.com
- Phillip Martin pmartin@fmhd.com, cbellner@fmhd.com
- Patrick F. McAllister pmcallister@wmjlaw.com, amoore@wmjlaw.com
- Margaret O Middleton margaret.middleton@usdoj.gov
- Richard A. Montague montagur@phelps.com, clarkg@phelps.com
- Douglas C. Noble dnoble@mmqnlaw.com, acrowley@mmqnlaw.com
- James W. O'Mara omaraj@phelps.com, jo.bankruptcy.ecf@phelps.com;donaldg@phelps.com;tommie.allen@phelps.com
- Stephen W. Rosenblatt Steve.Rosenblatt@butlersnow.com, velvet.johnson@butlersnow.com;VJ.Money@butlersnow.com;ecf.notices@butlersnow.com
- Eileen N. Shaffer enslaw@bellsouth.net
- Eileen N. Shaffer A4 enslaw@bellsouth.net
- Alan Lee Smith asmith@bakerdonelson.com
- Christopher James Steiskal Christopher.J.Steiskal@usdoj.gov

{00342150-2}

- Anna Coleman Sweat asweat@babc.com, acsweat1@gmail.com;kearl@babc.com
- Elizabeth E Thomas elizabeth.thomas@butlersnow.com
- Jason M. Torf jtorf@hmblaw.com
- United States Trustee USTPRegion05.JA.ECF@usdoj.gov
- David Neal Usry David.Usry@usdoj.gov
- David Wheeler david@wheelerattys.com
- Jennifer Ingram Wilkinson jennifer@ingramlawyers.com, brandy@ingramlawyers.com
- Andrew R. Wilson awilson@blswlaw.com
- Marcus M. Wilson mwilson@blswlaw.com, sdaniels@blswlaw.com
- Nicholas Van Wiser nwiser@byrdwiser.com, krg@byrdwiser.com;tag@byrdwiser.com

Dated: July 11, 2014

*/s/Douglas S. Draper* _____
DOUGLAS S. DRAPER

{00342150-2}