IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re : | | Case No. 14-01048 NPO |
| NATCHEZ REGIONAL MEDICAL CENTER : | | Chapter 9 |
| Debtor. : | | |

| | | |
|---|---|---|
| H. Kenneth Lefoldt, Jr., the Liquidation Trustee : | | Adversary Proceeding |
| Plaintiff, : | | No._____ |
| Versus : | | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; : | | |
| ALEX M. AZAR, II, in his official capacity as Secretary of the United States Department of Health and Human Services; : | | |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES; and : | | |
| SEEMA VERMA, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; Defendants. : | | |

**COMPLAINT**

**NOW COMES** H. Kenneth Lefoldt, Jr., the Liquidation Trustee (the "Trustee") for the Natchez Regional Medical Center ("NRMC"), is seeking a judgment against the United States Department of Health and Human Services; Alex M. Azar, II, in his capacity as Secretary of the United States Department of Health and Human Services; Centers for Medicare and Medicaid Services; and Seema Verma, in her capacity as Administrator of the Centers for Medicare and Medicaid Services (collectively, the "Defendants") ordering Defendants to pay to the Trustee the

{00365284-2}

final unpaid billed claims for the all periods prior to September 30, 2014.  In support of the complaint, the Trustee avers as follows:

### INTRODUCTION, JURISDICTION, VENUE AND AUTHORITY

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Complaint is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 as NRMC filed for its voluntary petition for relief (the "Bankruptcy Case") under chapter 13 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on March 26, 2014 (the "Petition Date").

3. Pursuant to 11 U.S.C. § 106(a), Defendants have waived sovereign immunity inasmuch as the claims set forth in the Complaint and affirmatively appeared in the Bankruptcy Case.

4. Defendants are: United States Department of Health and Human Services; Alex M. Azar, II, in his capacity as Secretary of the United States Department of Health and Human Services; Centers for Medicare and Medicaid Services; and Seema Verma, in her capacity as Administrator of the Centers for Medicare and Medicaid Services.

### FACTUAL AND LEGAL BACKGROUND

A.      Sale of NRMC to the Purchaser and Establishment of the Escrow Account:

5. As more fully set forth in the *Motion for Entry of Order Approving: (a) Bidding Procedures in Connection with Sale of Assets of the Debtor; (b) Approving Form and Manner of Notice; and (c) Granting Related Relief* and any amendments thereto [R. Dkt. # 209 and # 308], beginning in early 2013, NRMC began to consider the sale or lease of the hospital.

6. NRMC submitted the *Asset Purchase Agreement by and among Adams County, Mississippi, Natchez Regional Medical Center and Natchez Medical Foundation, Inc.; and Natchez Hospital Company, LLC, Natchez Clinic Company, LLC and Natchez HBP Services, LLC, and Community Health Systems, Inc.* dated July 11, 2014 (the "Purchase Agreement") to the Court for approval as part of NRMC's Plan of Adjustment.

7. On July 18, 2014, the court entered the *Order Approving: (a) Sales Procedures in Connection with Sale of Assets of the Debtor; (b) Approving Form and Manner of Notice; and (c) Granting Related Relief* (the "Sale Procedure Order")[R. Dkt. # 332].

8. On September 9, 2014, NRMC submitted its *Notice of No Additional Party Meeting Minimum Requirements to Bid (Other Than Stalking Horse Bidder) and No Acceptable Topping Bid Received* [R. Dkt. # 427] thereby accepting the Purchase Agreement with the Purchaser.

B.     Confirmation of the Chapter 9 Plan:

9. On September 29, 2014, this court held a hearing (the "Confirmation Hearing") and confirmed the *Second Amended Chapter 9 Plan of Adjustment for Natchez Regional Medical Center* (the "Plan") [R. Dkt. # 405]. After submission of documents and due deliberation and consideration of statements by all parties, the court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Chapter 9 Plan of Adjustment for Natchez Regional Medical Center* (the "Confirmation Order") [R. Dkt. # 481].

10. NRMC, shortly after the confirmation of the Plan, the parties closed on the sale.

11. By notice, the effective date of the Plan was October 1, 2014 (the "Effective Date") [R. Dkt. # 487].

C.     Assumption and Assignment of the Centers for Medicare and Medicaid Services ("CMS") Contracts as Executory Contracts:

3

12. During the sales process, NRMC identified certain executory contracts and unexpired leases to be assumed by NRMC and assigned to the court approved buyer under section 365 the Bankruptcy Code. These agreements were identified in the *Motion of Debtor to Determine Cure Amounts for Executory Contracts and Unexpired Leases That May be Assumed and Assigned* (the "Cure Motion") attached as Exhibit "A." Listed in Exhibit A to the Cure Motion are the following agreements (collectively referred to herein as the "CMS Contracts":

153. Medicare Acute Care National Provider Identification Number 1811924954 (CMS Certification Number 250084); Medicare Rehabilitation Unit National Provider Identification Number 1881620648 (CMS Certification Number 25T084); and Medicare Behavioral Health Unit National Provider Identification Number 1902833056 (CMS Certification Number 25S084) (collectively, the "CMS Contract – Medicare")

154. Medicare PART B National Provider Identification Number 1588691703 (CMS Certification Number C00037) ( "CMS Contract – Medicare PART B")

155. Medicare PART B RAILROAD National Provider Identification Number 1588691703 (CMS Certification Number CI2131) ("CMS Contract – Medicare PART B Railroad")

13. On September 18, 2014, this court entered the *Agreed Order Granting, In Part, Motion of Debtor Determining Cure Amounts* (the "Cure Order") [R. Dkt. 453]. Specifically, the court established the cure amounts as of the Petition Date for the CMS Contracts and the cure amounts as of March 27, 2014 through July 31, 2014 as follows:

| Contract | Amount Petition Date | Amount March 27, 2014 thru July 31, 2014 |
| --- | --- | --- |
| CMS Contract – Medicare | $53,823.00 | $164,469.00 |
| CMS Contract – Medicare PART B | $0 | $0 |
| CMS Contract – Medicare PART B Railroad | $0 | $0 |

Defendants have, in fact, submitted to the jurisdiction of this Court.

4

{00365284-2}

14. After confirmation of the Plan, Merit Health Natchez ("MHN") began the enrollment process to obtain new NPI numbers for the newly named hospital. An NPI number is a 10 digit number issued to providers by CMS. The newly named hospital was comprised of three (3) entities Acute Care, Behavioral Health and Rehabilitation. Although new NPI numbers were to be obtained, MHN retained the same PTN number. A PTN number is a Medicare provider number issued to a healthcare provider by a Medicare Administration Contractor ("MAC").

15. Through April of 2015 unpaid final billed claims for NRMC, as opposed to MHN for periods on or prior to September of 2014, continued to be filed. The claims are attached as **Exhibit "A".**

16. Beginning in April of 2015, the NPI numbers for the MHN for the period beginning October 1, 2014 became effective and MHN began seeking reimbursement under the new NPI numbers for services rendered.

17. Once Defendants began processing claims under the new NPI numbers in April of 2015 for MHN, the claims of NRMC for periods prior to September 30, 2014 began being rejected by the electric data interchange at Novitas Solutions ("Novitas"). Novitas is the contractor charged with administering funds due health care providers by **CMCS**.

18. Trustee contacted the Finance Department at Community Health Systems who then contacted Novitas and CMS. Assurances were given by Novitas and CMS that payments would be received. However, no payments have been received.

19. The Trustee has recently settled all claims existing between Trustee and Purchaser and Purchaser has recognized that it has no claim to the funds sought pursuant to this Complaint.

20. The Trustee has unpaid gross claims of $396,347.00 for services rendered prior to September 30, 2014.

## RELIEF REQUESTED

21. The Trustee's judgment is in the amount of $396,347.00 less contractual adjustments against CMS for the services performed by NRMC prior to September 30, 2014 and all other relief as is just and equitable.

December 6, 2018

        By:   DAVID A. WHEELER, (MSB 7126)
**WHEELER & WHEELER, PLLC**
185 Main Street
Biloxi, Mississippi 39530
Telephone: (228) 374-6720 // Fax: (228) 374-6721

and

 */s/Douglas S. Draper*
DOUGLAS S. DRAPER (La. Bar No. 5073)
GRETA M. BROUPHY (La. Bar No. 26216)
**HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-299-3300 // Fax: 504-299-3399
E-mail: ddraper@hellerdraper.com

*Counsel to H. Kenneth Lefoldt, Jr., the Liquidation Trustee*